■ In the Matter of HAROLD REAPE, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents.—In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Edith Miller, J.), entered November 20, 1989, the respondents' determinations dated May 26, 1989, finding petitioner guilty of a traffic infraction and deferring an application by the owner of the vehicle petitioner was driving for registration renewal, are unanimously confirmed and the petition dismissed, without costs.

Petitioner was issued a traffic summons after a traffic agent saw him make an illegal right turn. Following a hearing, petitioner was found guilty and fined $75 in addition to a $10 surcharge. The Appeals Board of the Department of Motor Vehicles (DMV) affirmed. The owner of the vehicle petitioner was driving thereafter submitted a registration renewal application for the vehicle which DMV deferred because of her failure to answer a parking summons pending before the New York City Parking Violations Bureau. Petitioner also challenges this deferral.

Petitioner's claims against the Department of Transportation respondents must be dismissed since the exclusive authority for adjudicating traffic infractions as well as determining

motor vehicle registration requests lies with the State Department of Motor Vehicles (Vehicle and Traffic Law § 225 *et seq.;* § 400 *et seq.).* Contrary to petitioner's contention, the traffic agent was clearly authorized to issue the summons. Section 2903 (a) (14) (a) of the New York City Charter authorizes the Commissioner of the Department of Transportation "to enforce all laws, rules and regulations prohibiting, regulating, directing, controlling or restricting both the parking of vehicles and the movement and conduct of vehicular and pedestrian traffic". Section 2903 (a) (14) (b) further authorizes the Commissioner to "employ, hire and retain officers, agents and employees for the purpose of enforcing laws, rules and regulations prohibiting, regulating, directing, controlling or restricting the parking of vehicles and the movement and conduct of vehicular and pedestrian traffic, which officers, agents and employees are hereby authorized, empowered and designated to issue, make and serve tickets, summonses and complaints for traffic infractions pursuant to article two-A of the vehicle and traffic law".

We have considered the petitioner's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Smith, JJ.